## Danville Street Railway and Light Company v. J. D. Mater.

1. FEE TITLE—*what does not pass by conveyance of.* A demand against a traction company for the proportionate cost of paving a street, which by its franchise ordinance was required to be paid by it to abutting property owners, does not pass by a conveyance of the fee but

is a mere chose in action which may be sued for and collected by the owner of the land at the time the obligation accrued. .

2. "COST OF PAVING"—*construction of, as used in franchise ordinance.* The words, "cost of paving," as used in a particular franchise ordinance, held to contemplate reimbursement to the property owners and not merely the actual cost of paving the strip in question exclusive of the expense of excavating, grading and graveling preparatory to laying the pavement.

Action of assumpsit. Appeal from the Circuit Court of Vermilion County; the Hon. E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the May term, 1904. Affirmed. Opinion filed October 14, 1904.

H. M. STEELY, for appellant.

FRED DRAPER and REARICK & MEEKS, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in assumpsit by appellee, by which he seeks to recover from appellant one-half the cost of excavating, grading, graveling and paving a strip of ground in Vermilion street in the city of Danville, and in front of lot three of Palmer's addition to said city, which said strip is, now occupied by one of appellant's street car tracks.

The declaration alleges that on July 3, 1891, the city of Danville, by ordinance, granted to the Danville Gas, Electric Light and Street Railway Company, and its assigns, the right for the period of twenty years to locate, construct, own, operate and maintain a single or double track street railway, as it saw fit, in, upon and along Vermilion street; that by such ordinance it was provided that in case said company or its assigns should at any time lay tracks upon any street after it had been paved by special taxation of abutting property, it should pay to such property holders as had paid such special tax an amount equal to the cost of paving between the rails of such track, and for one foot on the outside of each track, along the entire frontage, etc.; that the Danville Gas, Electric Light and Street Railway Company sold its property and franchise to defendant; that after such sale defendant laid a second

. track in Vermilion street; that Vermilion street was improved by special taxation of abutting property under an ordinance passed and approved March 3, 1892; and that plaintiff on March 9, 1892, paid the special tax levied against said lot three, which was then owned by him, which amounted to the sum of $218.26.

To the declaration the general issue and three special pleas were interposed. The first special plea avers that on March 29, 1895, for a consideration of $4,000, plaintiff by warranty deed conveyed said lot to one Jones; that at said time and from thence hitherto, Vermilion street constituted the right of way by and to said premises, and the means of ingress and egress to and therefrom; that by virtue of said conveyance all rights of plaintiff in and to said street and the improvement therein ceased, and the same passed to and vested in said Jones, as appurtenant to lands and tenements conveyed, and that defendant did not lay its additional track in said street in front of the premises in question until in August, 1902, after plaintiff had parted with the title to and possession of the premises.

The second special plea avers that on March 29, 1895, plaintiff by warranty deed conveyed the premises to Jones without reservation, whereby his easement in the street, and all right to recover any part of the cost of the improvement, passed to and became vested in the said Jones; that defendant laid its additional track in August, 1902; that afterwards, on April 1, 1903, Jones, as grantee of the plaintiff, demanded and defendant paid to him the sum of $30, being the full *pro rata* share of said frontage in the cost of the improvement of the strip in question, in full satisfaction and discharge of the liability under said ordinances and of the alleged promises averred in the declaration whereby defendant became discharged from all liability to plaintiff and upon the alleged promises.

The third special plea avers that by the ordinance granting the franchise, defendant was, upon laying said additional track, required to pay only an amount equal to the cost of paving the strip in question; that by the ordinance

the improvement was divided into four parts, viz., exca-. vation, grading, graveling and grading; that while the full cost of the improvement was $1.54 per square yard, the actual cost of paving, exclusive of excavating, grading and graveling, was but ninety-three cents per square yard; and that the cost of paving the said strip was but $12.

A general demurrer was interposed and sustained to the special pleas, whereupon the defendant withdrew the general issue and abided by such special pleas. Judgment was then rendered in favor of the plaintiff for $30, from which the defendant appeals.

The question as to the comparative equities of Jones and appellee, and the right of the city council to exact of appellant the provision or conditions in question, which are to some extent argued by counsel for appellant, are not presented by and cannot arise under this record. The special pleas do not raise the question of *ultra vires* or want of consideration, but only the right of appellee to the money, and the amount thereof. The only question for our determination is the sufficiency of the special pleas, which raise two questions: first, to whom should the cost of paving be paid? and second, what portion of the cost of the entire improvement should appellant pay?

Appellant contends that the franchise ordinance created a right in appellee to receive the money, which was in the nature of an easement or incorporeal hereditament, and that the same passed by his deed to Jones, as an appurtenant to the premises conveyed. Under the terms of the ordinance, its acceptance by appellant and the subsequent use of the street by it for an additional track, created an obligation on the part of appellant to pay a certain sum of money to appellee and a corresponding right in appellee to demand, recover and receive such sum. This right cannot be said to be an easement appurtenant, for it lacks the essential element that it is not imposed upon any corporeal property; neither is there a servient estate upon which the obligation rests (Jones on Easements, sec. 1); nor is it in the nature of rent, for it does not arise out of

lands or tenements corporeal; nor is it in the nature of a return or compensation for the possession of some corporeal inheritance. Appellee had no title to the street or to the improvement, that he could sell, for which he could demand rent. The right in question was and is but a mere right of or chose in action which belonged to appellee personally.

Appellant further contends that if liable to appellee at all, it is liable only for the actual cost of paving the strip, exclusive of the expense of excavating, grading and graveling the same, preparatory to laying the pavement. The words "cost of paving," as used in the ordinance, are generally, and we think reasonably, understood to include not only the actual cost of the paving itself, but as well, the cost of the work necessarily preliminary to the laying of the same. The obvious intent of the city council was to require appellant to reimburse the property holders for the money paid by them for the improvement of the street in front of their respective lots, to the extent that appellant would have been taxed for that purpose, had it occupied the street for the additional track at the time the tax was levied. That it was intended by the city council that the cost of the actual paving only was to be refunded, seems to us unreasonable and improbable.

The judgment of the Circuit Court will be affirmed.

*Affirmed.*